UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDELL MCINTOSH,

    Plaintiff,

v.                                          Case No: 6:13-cv-1165-Orl-18TBS

OSCEOLA COUNTY SHERIFF
DEPARTMENT, A. MORTON and D.
BROWN,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is pro se Plaintiff Fedell McIntosh's motion to proceed in forma pauperis (Doc. 2). Upon consideration of the motion and a *sua sponte* analysis of Plaintiff's complaint (Doc. 1), I respectfully recommend that the motion be denied and that this action be dismissed without prejudice, with leave to amend.

### I. Background[1]

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983, alleging that he was subject to an unreasonable seizure and arrest. The averments in his complaint are largely unintelligible, but it appears that Osceola County Deputy Sheriff D. Brown stopped him while running motor vehicle tag checks. After Brown identified Plaintiff, Osceola County Deputy Sherriff Morton arrested him. Plaintiff alleges that Morton signed an affidavit stating the facts of the stop and arrest as told to her by Brown. According to Plaintiff, the affidavit states that Brown was sitting in a parking lot running license plate tags and ran

---

[1] All facts taken from Plaintiff's Complaint (Doc. 1).

the tag of a 1999 Jeep Cherokee which came up as a vehicle belonging to Plaintiff.[2] Plaintiff had been arrested for D.U.I., two years earlier and he says his photo appeared when Brown ran the tag. Morton's affidavit says Plaintiff got in the Jeep Cherokee and drove across the parking lot. Plaintiff claims this last statement by Morton was perjury, because Brown issued a sworn police report stating that he viewed Plaintiff exiting the vehicle and entering a place of business. Plaintiff also alleges that Morton did not state in her affidavit that she received her information from Brown.

Plaintiff objects to Morton's affidavit, claiming that it is improper hearsay for Morton to sign an affidavit based upon facts observed only by Brown. Plaintiff complains that the affidavit is fraudulent because Brown's report indicates that he recognized Plaintiff as he exited his vehicle and entered a business, and Morton's affidavit says that she recognized Plaintiff as he was driving across a parking lot. Plaintiff alleges that this information was crucial to the determination of whether Morton had probable cause to arrest him. Plaintiff claims the deputies did not have probable cause and that Morton should not have relied on the "fellow officer rule," because it is hearsay and because Florida courts do not follow the rule. He claims the prosecutor entered a *nolle prosequi* because of a lack of probable cause. Plaintiff does not mention why Brown initially stopped him or why Morton arrested him, and the complaint is not clear about whether Brown initially stopped Plaintiff, or whether Morton stopped Plaintiff on the basis of Brown's information.

I. **Analysis**

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. §

---

[2] Plaintiff also says the vehicle's registered tag owner was a white 67-year old female.

- 2 -

1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. See id. A claim will be considered frivolous only if it is "without arguable merit." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting Harris v. Menendez, 817 F.2d 737, 739 (11th Cir. 1987)). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990).

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to file a "short and plain statement of the claim showing that the pleader is entitled to relief." Although district courts must apply a "less stringent standard" to the pleading submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief.

See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Plaintiff's complaint does not satisfy the minimum pleading requirements of Rule 8(a). It is a disorganized collection of statements and sentence fragments which do not provide a cohesive, intelligible statement of facts. It is not clear from the complaint why Plaintiff was initially stopped and subsequently arrested or why the conflicting accounts of his identification establish a lack of probable cause. The complaint is also unclear as to why the charges against Plaintiff were dropped. (Doc. 1 at 2).

"To state a claim for relief in an action brought under § 1983 [Plaintiff[ must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Inc. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed. 2d 130 (1999). While Plaintiff alleges that he is bringing his claim under § 1983, he only facially alleges that he was subject to an "unreasonable seizure." More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Fullman v. Graddick, 739 F.2d 553, 556-7 (11th Cir. 1984); Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979).[3] Plaintiff must state which of his rights under the Constitution, laws, or treaties of the United States have been violated; it is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff does not clearly state facts to establish the elements of his cause of action and does not identify a specific injury. He also requests attorneys' fees, which he is not entitled to because he is proceeding pro se.

Plaintiff brings his claim against the Osceola County Sheriff Department but does

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

make any allegations against this Defendant.  The Court cannot hold the Sherriff's Department vicariously liable for the conduct of Morton and Brown unless the Sherriff's Department actually participated in the alleged constitutional violation or if there is a causal connection between the actions of the Sherriff's Department and the alleged constitutional violation.  Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).  Plaintiff alleges neither scenario here; nor does he state whether he intends to sue Defendants Morton and Brown in their official or individual capacities.

Finally, Plaintiff maintains that the "fellow officer rule," which permits an arresting officer to rely on the collective knowledge of the officers investigating the crime to establish probable cause, does not apply to traffic stops.  See State v. Bowers, 87 So.3d 704, 709 (Fla. 2012).  Recently, the Florida Supreme Court held that when the issue before a court is the validity of an initial stop, an officer who does not have firsthand knowledge of a traffic stop and was not yet involved in the investigation may not claim the "fellow officer rule" and testify as to what another officer told him was the reason for the stop. Id. at 710.  But, Plaintiff appears to be challenging the probable cause for his arrest, not the validity of the stop, and Plaintiff has not alleged facts which would permit the case to move forward on this legal theory.

## II.  Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that:

(1) The Court **DENY** Plaintiff Fedell McIntosh's motion to proceed in forma pauperis;

(2) **DISMISS** his complaint **without prejudice and with leave to amend;**

(3) Inform Plaintiff that his amended complaint must

    (a) be organized into separately numbered paragraphs containing facts written in complete sentences;

  (b) list a specific cause of action and state the factual elements to support that claim; and

  (c) contain a clear statement of the relief he is seeking.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on August 16, 2013.

                THOMAS B. SMITH
                United States Magistrate Judge

Copies furnished to:

  Counsel of Record
  Unrepresented Parties