UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDELL MCINTOSH,

    Plaintiff,

v.                                              Case No: 6:13-cv-1165-Orl-18TBS

OSCEOLA COUNTY SHERIFF
DEPARTMENT, A. MORTON and D.
BROWN,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is pro se Plaintiff Fedell McIntosh's motion to proceed in forma pauperis (Doc. 2). Upon consideration of the motion and a *sua sponte* analysis of Plaintiff's complaint (Doc. 1), I respectfully recommend that the motion be denied and that this action be dismissed with prejudice.

### I. Background[1]

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983, alleging that he was subject to a malicious prosecution. The allegations in Plaintiff's Complaint are largely unintelligible, but it appears that on February 17, 2013, he pulled into the parking lot of a 7-Eleven convenience store in a Jeep Cherokee. When he finished his shopping, he exited the store and returned to his vehicle. As he began to drive out of the parking lot he was pulled over by Deputy Sheriff Brown and another, unidentified officer. Brown asked

---

[1] All facts taken from Plaintiff's Amended Complaint (Doc. 7).

to see his driver's license and, upon receiving the license, informed Plaintiff that it was not valid. Sheriff Deputy Morton arrived, conversed with Brown, and then arrested Plaintiff.[2]

Plaintiff alleges that Morton signed a charging affidavit listing the facts of the stop and arrest as told to her by Brown. According to Plaintiff, the affidavit states that Brown was sitting in a parking lot running license plate tags and ran the tag of a 1999 Jeep Cherokee which came up as a vehicle belonging to Plaintiff.[3] Plaintiff had been arrested for D.U.I. two years earlier and he says his photo appeared when Brown ran the tag. Morton's affidavit says Plaintiff got in the vehicle and drove across the parking lot. Plaintiff claims this last statement by Morton was perjury because Brown issued a sworn police report stating that he viewed Plaintiff exiting the vehicle and entering a place of business.[4]

Brown's sworn police report, attached to Plaintiff's complaint alleges that Brown checked the tag of a "White Jeep Utility," tag number F023DF. Brown learned that the vehicle was in an incident on January 25, 2011, which resulted in a DUI arrest. Further examination revealed the Mr. Fedell McIntosh was the vehicle operator and was placed under arrest. The report provided a photograph of Mr. McIntosh, which Brown found to be a true likeness of the male exiting the vehicle and entering the business. Brown watched as the male exited out of the store and entered the Jeep through the driver's side. The Jeep then backed out of the parking space and drove out of the lot. Brown

---

[2] Brown's incident report, attached to Plaintiff's Complaint states that Brown initiated a traffic stop and Sheriff Deputy Morton arrived on the scene. After Morton arrived on the scene, Brown made contact with Plaintiff and asked for his driver's license. Brown then gave the license to Morton, who assumed control of the investigation.

[3] Plaintiff says the vehicle's registered tag owner was a white 67-year old female named Sherry Lavoie with no traffic infractions.

[4] The incident report actually states that Brown observed Plaintiff as he entered the 7-Eleven and as he exited the store, entered his vehicle, and left the parking lot.

then initiated the stop, at which point, Morton arrived on the scene as his back up officer. Brown made contact with Plaintiff and requested and received his driver's license, at which point he turned the investigation over to Morton.

Plaintiff objects to Morton's affidavit and Brown's police report. He argues that Brown sat too far away to properly identify him, could only see his back when he entered the 7-Eleven, and was acting off of a "hunch" when he initiated the traffic stop. Plaintiff also complains that Morton's affidavit is fraudulent because Brown's report indicates that he recognized Plaintiff as he exited his vehicle and entered a business, and Morton's affidavit says Brown recognized Plaintiff as he was driving across a parking lot. Plaintiff implies that Morton's affidavit was improper hearsay. Plaintiff alleges that this information was crucial to the determination of whether Morton had probable cause to arrest him.

Plaintiff's attorney told him the prosecutor filed a *nolle prosequi* due to a lack of probable cause to stop, a lack of probable cause to arrest, and a failure of the police officer to appear for a motion to suppress. He alleges wrongful arrest and malicious prosecution, for which he offers the following in support:

> 1. DATE OF arrests 02/17/2013 motion to suppress hearing
> 07/01 2013 pretrial hearing 07/01 2013(2) like of probable
> cause to arrtest officer failure to appear for motion to suppress
> (3) also rant tags on valid vehicle in the register owner came
> back there were no traffic infractions also went on a hunch on
> a photo of the blackmale but the back was facing the officer
> see attachment of supplement to arrest report.

(sic). He claims as part of his damages that Defendants knowingly and willingly filed a false police report, which either knowingly or recklessly included a false statement. His alleged injuries include his unlawful detention, pain and suffering, and the fees he spent on his attorney to defend himself in the resulting prosecution. He seeks $50,000 in compensatory and punitive damages for his wrongful arrest, $25,000 in mental anguish,

another $25,000 for his "false" arrest, and another $45,000 for the violation of his civil rights because he was arrested without probable cause.

Plaintiff filed his claim and his first motion to proceed in forma pauperis on August 1, 2013. (Doc. 1). On August 16, 2013, I filed a report and recommendation that Plaintiff's Complaint be dismissed without prejudice, for failure to state a claim. (Doc. 3). The Court adopted my recommendation on September 4, 2013 and dismissed Plaintiff's Complaint without prejudice. (Doc. 6). Two days later, Plaintiff filed his amended complaint (Doc. 7), followed shortly thereafter by his second motion to proceed *in forma pauperis* (Doc. 8).

I. Analysis

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. See id. A claim will be considered frivolous only if it is "without arguable merit." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting Harris v. Menendez, 817 F.2d 737, 739 (11th Cir. 1987)). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990).

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing

frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to file a "short and plain statement of the claim showing that the pleader is entitled to relief." Although district courts must apply a "less stringent standard" to the pleading submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Plaintiff's complaint does not satisfy the minimum pleading requirements of Rule 8(a). Although his amended complaint is collected roughly into organized paragraphs, it is not organized into counts, and it still contains disorganized statements and sentence fragments which do not provide a cohesive, intelligible statement of facts.

"To state a claim for relief in an action brought under § 1983 [Plaintiff[ must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Inc. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed. 2d 130 (1999). While Plaintiff alleges that he is bringing his claim under § 1983, he only facially alleges that he was subject to a "wrongful arrest" and a "malicious prosecution." He does not identify or allege facts to establish the elements of his cause of action. Plaintiff

appears to allege an inconsistency between with Morton's sworn affidavit and Brown's arrest report, but Plaintiff does not allege clearly what that inconsistency is.[5] He also appears to allege that Brown did not have probable cause to initiate a traffic stop because he could not have adequately identified Plaintiff from where he was sitting, but again, he does not clearly state this premise. Otherwise, Plaintiff does not allege any offensive conduct. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Fullman v. Graddick, 739 F.2d 553, 556-7 (11th Cir. 1984); Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979).[6] Accordingly, I recommend the Court find that Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff previously brought claims against the Osceola County Sheriff Department but did not make any allegations against this Defendant. While his amended Complaint does not list the Sheriff's Department as a Defendant, he has not filed a notice of voluntary dismissal. The Court cannot hold the Sherriff's Department vicariously liable for the conduct of Morton and Brown unless the Sherriff's Department actually participated in the alleged constitutional violation or if there is a causal connection between the actions

---

[5] Plaintiff previously asserted that the "fellow officer rule," which permits an arresting officer to rely on the collective knowledge of the officers investigating the crime to establish probable cause, does not apply to traffic stops. See State v. Bowers, 87 So.3d 704, 709 (Fla. 2012). Recently, the Florida Supreme Court held that when the issue before a court is the validity of an initial stop, an officer who does not have firsthand knowledge of a traffic stop and was not yet involved in the investigation may not claim the "fellow officer rule" and testify as to what another officer told him was the reason for the stop. Id. at 710. But, Plaintiff does not maintain this theory in his amended complaint. Regardless, Plaintiff appears to be challenging the probable cause for his arrest, not the validity of the stop, and Plaintiff has not alleged facts which would permit the case to move forward on this legal theory.

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

of the Sherriff's Department and the alleged constitutional violation.  <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990).  Plaintiff alleges neither scenario here.  Accordingly, I recommend Plaintiff's claims against the Osceola County Sheriff Department be dismissed.

Finally, Plaintiff appears to request duplicative awards of $50,000, $25,000, and $45,000 for his false arrest.  This is objectively frivolous, and I recommend the Court dismiss Plaintiff's requests for damages on this ground.

In view of the deficiencies noted above and because this is Plaintiff's second attempt to plead a valid cause of action, I recommend that the Court dismiss this lawsuit with prejudice.

## II. Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that:

(1) The Court **DENY** Plaintiff Fedell McIntosh's motion to proceed in forma pauperis (Doc. 8);

(2) **DISMISS** his amended complaint **with prejudice**; and

(3) **DIRECT** the Clerk to close the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on October 3, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties